**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:25-CV-00535-FDW-DCK**

| | | |
|---|---|---|
| **SONIA E. BASS**<br>**SEB AUTO GROUP, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DRIVEN BRANDS INC.**<br>**DARYL HURST**<br>**MAACO FRANCHISOR SPV, LLC**<br>**HELMUTH MAYER,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER** |

**THIS MATTER** is before the Court *sua sponte* after a period of inactivity. Plaintiffs filed the present action in the United States District Court for the Eastern District of Texas, and Defendants filed a Motion to Transfer Venue to this District (Doc. No. 11). On February 27, 2025, Defendants filed a Motion for Judgment on the Pleadings (Doc. No. 25). Discovery proceeded in the Eastern District of Texas while both Motions were pending. Discovery closed on June 7, 2025, and dispositive motions were due May 2, 2025. (Doc Nos. 26, 32.) Thereafter, on June 30, 2025, the United States District Court for the Eastern District of Texas transferred jurisdiction to this District. (Doc. No. 36.)

The briefing for the Motion for Judgment on the Pleadings relied on Fifth Circuit precedent, which is not binding on this Court. (Doc. No. 43.) As such, this Court denied the Motion, without prejudice to Defendants refiling their Motion by October 10, 2025. (Doc. No. 43.) Defendants did not do so, and there are no pending dispositive motions.

In addition, on October 10, 2025, the Parties stipulated to dismissal without prejudice of Claim II of Plaintiffs' Amended Complaint. (Doc. No. 44.) The Stipulation refers to a potential motion from Plaintiffs to amend their Complaint to add a claim under the North Carolina Unfair and Deceptive Trade Practices Act, in lieu of the now-dismissed Texas Deceptive Trade Practices claim, in light of the transfer. (Id.) However, there have been no subsequent filings in this case.

Although a Scheduling Order had been entered in this case prior to the transfer (Doc. No. 17), the previous deadlines have passed, and there has not yet been a Scheduling Order in this Court. The Court will therefore require the Parties to meet and confer and to submit a Joint Status Report within 14 days of this Order. The Joint Status Report should include:

- A brief statement of the nature and complexity of the case;
- The estimated number of days of any trial; and
- A proposed schedule for all remaining pretrial deadlines.[1]

**IT IS THEREFORE ORDERED** that within 14 days of this Order, the Parties shall file a Joint Status Report as set forth herein.

**IT IS SO ORDERED.**

Signed: October 14, 2026

Frank D. Whitney
Senior United States District Judge

[1] The Court directs the Parties to the July 22, 2025 docket entries from the Clerk's Office, including the undersigned's Certification and Report of Fed. R. Civ. P. 26(f), available on this Court's website under "Civil Forms."